ALD-068                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3834
_____

HECTOR SOTO,
                    Appellant

v.

HONORABLE GREGORY SLEET
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-11-cv-00503)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2011

Before:  SLOVITER, FISHER and NYGAARD, Circuit Judges

(Opinion filed: January 20, 2012)
_____

OPINION
_____

PER CURIAM

        Hector Soto, a prisoner at the Federal Correctional Institution Gilmer, appeals pro

se from the District Court's dismissal of his complaint and denial of his motion for

1

reconsideration.  For the reasons that follow, we will affirm the District Court's judgment.

I.      Background

In 2007, Soto pleaded guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced to a term of 77 months of imprisonment. This Court affirmed the judgment of the District Court.  C.A. No. 07-3410.  In December 2008, Soto filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2555.  The Government filed a brief in opposition to Soto's § 2255 motion in March 2009, and Soto filed a reply in June 2009.  Because the District Court had not taken any action on his § 2255 motion, Soto filed a civil rights action in June 2011.[1]  Soto alleged that the District Court violated his right to due process by failing to timely adjudicate his § 2255 motion and sought monetary damages.  The District Court dismissed Soto's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Soto filed a motion for reconsideration, which the District Court denied.  Soto timely appealed.

II.     Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Soto's complaint as frivolous is plenary.  See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  We review an order denying a motion for reconsideration for abuse of discretion.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir.

_____

[1] In July 2011, the District Court denied Soto's § 2255 motion, finding the claims meritless.

2

1999) (citation omitted).

III.    <u>Discussion</u>

The District Court properly dismissed Soto's complaint as frivolous as his claim lacked an arguable basis in fact or law.  <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  It is a well-established principle that a judge "in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  <u>Azubuko v. Royal</u>, 443 F.3d 302, 303 (3d Cir. 2006) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991)).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  <u>Id.</u> (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978)).  The allegations in Soto's complaint relate to action or inaction taken by the District Court in his capacity as a judge.  Thus, Soto's allegations are insufficient to overcome the District Judge's judicial immunity.  Accordingly, the District Court did not err in dismissing Soto's complaint as legally frivolous.[2]

In addition, we discern no abuse of discretion in the District Court's denial of Soto's motion for reconsideration.  Soto failed to demonstrate any basis for granting the motion, such as an intervening change in the controlling law, the availability of new

---

[2] We are satisfied that any amendment to Soto's complaint against Judge Sleet have been futile.  Thus, the District Court properly dismissed Soto's complaint without leave to amend.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112-13 (3d Cir. 2002).

evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café, 176 F.3d at 677. Soto argued that his motion for reconsideration should be granted "to prevent a manifest injustice" because the District Judge divested himself of jurisdiction by failing to timely adjudicate his § 2255 motion. This argument fails because docket control is within the Judge's judicial capacity. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Accordingly, we will affirm the District Court's judgment.